**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| BMO Bank N.A., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. <u>1:25-cv-12026</u> |
| v. | ) | |
| | ) | |
| Best Time Logistics Inc., and Partap Singh, | ) | |
| | ) | |
| Defendants. | ) | |

## <u>COMPLAINT</u>

Plaintiff, BMO Bank N.A., by and through its attorneys, complains of Defendants, Best Time Logistics Inc. and Partap Singh, as follows:

### THE PARTIES

1.      Plaintiff, BMO Bank N.A. f/k/a BMO Harris Bank N.A. ("<u>Plaintiff</u>"), is a national banking association with its main office located in Chicago, Illinois, as set forth in its articles of association.  For jurisdictional purposes, Plaintiff is a citizen of the State of Illinois.

2.      Defendant, Best Time Logistics Inc. ("<u>Borrower</u>"), is a corporation organized under the laws of the State of California, with its principal place of business located at 921 North Harbor Blvd. Ste. 123 La Habra, California.  For jurisdictional purposes, Borrower is a citizen of the State of California.

3.      Defendant, Partap Singh ("<u>Guarantor</u>," and together with Borrower, the "<u>Defendants</u>"), is a citizen of the State of California residing at 1615 S Campus Ave. #A, Ontario, California.

### JURISDICTION AND VENUE

4.      Jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1332(a).

HB: 4926-7494-6414.1

5.      There is complete diversity of citizenship between the parties.

6.      The amount in controversy exceeds the sum of $75,000.00 exclusive of interest and costs.

7.      Venue is proper in this Court under 28 U.S.C. § 1391(b). A substantial portion of the events or omissions giving rise to the claims set forth in this lawsuit occurred within territorial boundaries of the Northern District of Illinois.

8.      Jurisdiction and venue are also proper in this Court because the parties consented to jurisdiction in the state and federal courts located in Cook County, Illinois in the agreement that comprises the subject matter of this Complaint.

**FACTUAL BACKGROUND**
**The Agreements**

9.      On or about August 26, 2021, Plaintiff as lender, and Borrower as borrower, entered into a Loan and Security Agreement (together with all amendments, modifications, and collateral documents relating thereto, the "First Loan Agreement"), pursuant to which Plaintiff financed Borrower's purchase of certain equipment described more fully therein (the "First Loan Collateral"), and Borrower agreed to repay Plaintiff the amount set forth therein, including interest, pursuant to the terms thereof. A true and correct copy of the First Loan Agreement is attached hereto as "**Exhibit A**."

10.     On or about March 23, 2022, Plaintiff as lender, and Borrower as borrower, entered into a Loan and Security Agreement (together with all amendments, modifications, and collateral documents relating thereto, the "Second Loan Agreement" and together with the First Loan Agreement, the "Agreements"), pursuant to which Plaintiff financed Borrower's purchase of certain equipment described more fully therein (the "Second Loan Collateral" and together with the First Loan Collateral, the "Collateral"), and Borrower agreed to repay Plaintiff the amount set

2

forth therein, including interest, pursuant to the terms thereof. A true and correct copy of the Second Loan Agreement is attached hereto as "**Exhibit B**."

## The Guaranties

11.     To induce Plaintiff into entering the Agreements, Guarantor unconditionally guaranteed the present and future performance of Borrower under the Agreements (the "Guaranties"). True and correct copies of the Continuing Guaranties executed by Guarantor dated August 26, 2021, and March 23, 2022, evidencing the Guaranties is attached hereto as "**Exhibit C**."

12.     Under the Guaranties, Guarantor is obligated to pay all amounts due and owing by Borrower to Plaintiff under the Agreements, without limitation.

## Defaults Under the Agreements and Guaranties

13.     Under the terms and conditions of the Agreements and the Guaranties, the failure to make a payment when due is considered an event of default.

14.     Borrower is in default under the Agreements.

15.     Borrower failed to make payments under the Agreements when those payments became due.

16.     Guarantor is in default under the Guaranties.

17.     Guarantor failed to make payments under the Guaranties pursuant to the Agreements when those payments became due.

18.     More specifically, Defendants failed to make the payments due January 1, 2024, under the First Loan Agreement, and December 10, 2023, under the Second Loan Agreement. No further payments have been received by Plaintiff from Defendants on these accounts, and Defendants' defaults are continuing.

3

19.     Upon default under the Agreements, Borrower is obligated to surrender possession of the Collateral to Plaintiff.

20.     Following Defendants' defaults, Plaintiff recovered possession of the Collateral. In the mitigation of Plaintiff's damages, Plaintiff disposed of the Collateral in a commercially reasonable manner and applied the net proceeds of such dispositions to the amounts due and owing under the Agreements. Despite Plaintiff's mitigation of damages, a deficiency remains.

21.     Due to Borrower's defaults, Plaintiff elected to accelerate the amounts due and owing under the Agreement effective September 8, 2025.

22.     Under the Agreements, upon acceleration, Borrower is obligated to pay interest on all unpaid amounts at the rate of one and one-half percent (1.5%) per month or the maximum rate not prohibited by applicable law. Interest is calculated based on a 360-day year consisting of twelve 30-day months.

23.     In addition, under the Agreements, Borrower is obligated to pay late charges and other fees due under the Agreements.

24.     In addition, under the Agreements and Guaranties, Defendants are obligated to pay the attorneys' fees and costs incurred by Plaintiff in the enforcement of its rights thereunder, including this lawsuit.

25.     Calculated as of September 19, 2025, the amount due and owing under the Agreements, not including attorneys' fees and expenses or cost of collection, is an amount not less than $550,633.93.

26.     Plaintiff notified Defendants of their defaults under the Agreements and the Guaranties respectively and made demand that Defendants pay the amounts due thereunder.

HB: 4926-7494-6414.1

27.     In addition, on September 19, 2025, Plaintiff notified Defendants of its election to accelerate the amounts due and owing under the Agreements and made written demand upon Defendants to pay the amounts due.  True and correct copies of Plaintiff's Notices of Default to Defendants dated September 19, 2025, are attached hereto as "**Exhibit D.**"

28.     Despite express demand, Defendants have failed or refused to pay the amounts due and owing under the Agreements and the Guaranties.

29.     The Agreements and the Guaranties expressly provide that Plaintiff and Defendants unconditionally waive their respective rights to a jury trial of any claim or cause of action relating thereto.

30.     Plaintiff has performed any and all conditions and obligations required of it under the Agreements and the Guaranties.

**COUNT I**
**(Breach of Contract against Borrower)**

31.     Plaintiff incorporates and realleges all preceding paragraphs in this Count I.

32.     The Agreements are valid and fully enforceable contracts between Borrower and Plaintiff.

33.     Plaintiff has performed all the terms and conditions required of Plaintiff under the Agreements.

34.     Borrower has not performed all the terms and conditions to be performed by Borrower pursuant to the Agreements and is in breach thereof.

35.     Plaintiff has suffered damages due to Borrower's breaches.

36.     Plaintiff is entitled to contractual money damages from Borrower.

WHEREFORE, Plaintiff prays that this Court enter a judgment in its favor and against Borrower in the amount due under the Agreements, the exact amount to be proven at or before trial, together with such other and further relief as shall be just and equitable.

## COUNT II
### (Breach of Contract against Guarantor)

37.     Plaintiff incorporates and realleges all preceding paragraphs in this Count II.

38.     The Guaranties are valid and fully enforceable contracts between Guarantor and Plaintiff.

39.     Plaintiff has performed all the terms and conditions required of Plaintiff under the Guaranties.

40.     Guarantor has not performed all the terms and conditions to be performed by them pursuant to the Guaranties and is in breach thereof.

41.     Plaintiff has suffered damages due to Guarantor's breaches.

42.     Plaintiff is entitled to contractual money damages from Guarantor.

WHEREFORE, Plaintiff prays that this Court enter a judgment in its favor and against Guarantor in the amount due under the Guaranties pursuant to the Agreements, the exact amount to be proven at or before trial, together with such other and further relief as shall be just and equitable.

Dated: October 1, 2025                              Respectfully submitted,

                                                    **BMO BANK N.A.**

                                                    By: /s/Aaron Chapin

                                                    Aaron B. Chapin (ARDC 6292540)
                                                    Husch Blackwell LLP
                                                    120 South Riverside Plaza
                                                    Chicago, IL 60606
                                                    Phone: 312.655.1500
                                                    Fax 312.655.1501
                                                    aaron.chapin@huschblackwell.com

HB: 4926-7494-6414.1